IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| MARLO DOGGETT, | ) | |
|  | ) | |
| Movant, | ) | |
|  | ) | Cv. No. 2:13-cv-02716-JPM-tmp |
| v. | ) | Cr. No. 2:07-cr-20368-JPM |
|  | ) | |
| UNITED STATES OF AMERICA, | ) | |
|  | ) | |
| Respondent. | ) | |
|  | ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, Marlo Doggett, Bureau of Prisons register number 22016-076, who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. (§ 2255 Mot., *Doggett v. United States*, No. 2:13-cv-02716-JPM-tmp (W.D. Tenn.), ECF No. 1.) For the reasons stated below, the Court DENIES the § 2255 Motion.

I.  PROCEDURAL HISTORY

    A.  **Criminal Case Number 07-20368**

On November 27, 2007, a federal grand jury returned a four-count indictment. Count 1 of the indictment charged that, on or about April 18, 2007, Doggett, a convicted felon, possessed a Taurus .357 caliber revolver in violation of 18 U.S.C. § 922(g)(1). (Indictment, *United States v. Doggett*, No. 2:07-cr-20368-JPM (W.D. Tenn.), ECF No. 1.) Count 2 charged that, on or

about April 18, 2007, Doggett possessed a Rossi .357 Magnum firearm in violation of 18 U.S.C. § 922(g)(1). (Indictment, *id.*, No. 2:07-cr-20368-JPM (W.D. Tenn.), ECF No. 1.) Count 3 charged that, on or about April 18, 2007, Doggett possessed a Mossberg 12 gauge shotgun in violation of 18 U.S.C. § 922(g)(1). (Indictment, *id.*, No. 2:07-cr-20368-JPM (W.D. Tenn.), ECF No. 1.) Count 4 charged that, on or about April 18, 2007, Doggett knowingly and intentionally possessed with the intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. 841(a)(1). (Indictment, *id.*, No. 2:07-cr-20368-JPM (W.D. Tenn.), ECF No. 1.) The factual basis for the charges is stated in the presentence report ("PSR"):

### The Offense Conduct

> 4. On April 18, 2007, officers executed a state search warrant at 6155 Shaker Lane. Upon arrival at the residence, officers knocked and announced, but received no answer at the door. Upon forced entry into the residence, officers found Jymelia Mosby inside with three small children. Officers secured Ms. Mosby and the children and proceeded to conduct a sweep of the residence with a certified K9. The dog gave a positive alert for narcotics in the master bedroom dresser drawers of the master bedroom, as well as 54.9 grams of marijuana in the trunk of the 2001 Lincoln. A short time thereafter, officers conducted a search of the residence and found a .357 Magnum revolver and a 12 gauge shotgun (which was later found to have been stolen) in plain view on a bedroom dresser. Ms. Mosby was interviewed by the officers and gave a written statement that the guns and narcotics belonged to Marlo Doggett. While officers were at the residence, Mr. Doggett arrived driving a GMC Yukon. When officers approached the vehicle to speak with the defendant, they detected a strong odor of burned marijuana coming from inside the vehicle. After being secured outside the vehicle, Mr. Dogget [sic] was found to have $7,084.00 in cash on his person. Upon searching the vehicle, officers recovered a .357 magnum and 18.5 grams of marijuana. The defendant refused to answer any questions and was taken into custody by the officers.

(PSR ¶ 4.)

Pursuant to a written plea agreement, Doggett appeared before the Court on April 2, 2008, to plead guilty to Counts 1 and 4 of the Indictment. (Min. Entry, *id.*, ECF No. 18; Plea Agreement, *id.*, ECF No. 21.) At a hearing on July 2, 2008, the Court sentenced Doggett to a

term of imprisonment of one hundred twenty months for Count 1 and a term of imprisonment of thirty-one months for Count 4, to be served consecutively, resulting in a total term of imprisonment of one hundred fifty-one months to be followed by a three-year period of supervised release. (Min. Entry, *id.*, ECF No. 24.)[1] Judgment was entered on July 2, 2008. (J. in a Criminal Case, *id.*, ECF No. 25.) Doggett did not appeal.

B.  Case Number 13-2716

On September 12, 2013, Doggett filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Doggett v. United States*, No. 2:13-cv-02716-JPM-tmp (W.D. Tenn.), ECF No. 1.) This motion presents the following issues:

1. "The sentence of 151 months is in violation of the law due to a change in the law" (§ 2255 Mot. at PageID 4, *id.*, ECF No. 1; *see also* Mem. in Supp. of § 2255 Mot. at PageID 12, *id.*, ECF No. 1-1);

2. "The two point enhancement of more than three firearms imposed pursuant to Section 2K2.1(b)(1)(A) is in violation of the law" (§ 2255 Mot. at PageID 4, *id.*, ECF No. 1; *see also* Mem. in Supp. of § 2255 Mot. at PageID 12, *id.*, ECF No. 1-1);

---

[1] The 2006 edition of the *Guidelines Manual* was used to calculate Doggett's sentencing range. (PSR ¶ 8.) Pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. Doggett received a two-level enhancement for using or possessing the firearm in connection with an offense involving three or more firearms. U.S.S.G. § 2K2.1(b)(1)(A). Doggett also received a two-level enhancement because one of the firearms involved in the offense was stolen. U.S.S.G. § 2K2.1(b)(4). Doggett received a four-level enhancement for using or possessing the firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). Doggett also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 29. Given his criminal history category of VI, the guideline sentencing range was 151-188 months.

3. "The four point enhancement pursuant to Section 2K2.1(b)(6) is in violation of the law" (§ 2255 Mot. at PageID 4, *id.*, ECF No. 1; *see also* Mem. in Supp. of § 2255 Mot. at PageID 12, *id.*, ECF No. 1-1); and

4. "The District Court committed plain error when the Court adopted the presentence report which contained police reports in violation of clearly established law" (§ 2255 Mot. at PageID 5, *id.*, ECF No. 1; *see also* Mem. in Supp. of § 2255 Mot. at PageID 12, *id.*, ECF No. 1-1).

On February 4, 2014, Doggett filed a "Motion to Show Cause to Determine Default Status," seeking an order directing the Government to show cause why it should not be held in default. (Mot. to Show Cause, *id.*, ECF No. 2.) On April 30, 2014, Doggett filed a motion to amend his petition. (Mot. to Amend, *id.*, ECF No. 3.) In an order issued on July 10, 2014, the Court denied the motion to show cause, granted Doggett leave to amend, and directed the Government to respond. (Order, *id.*, ECF No. 4.) The Government filed its Answer on August 4, 2014. (Answer, *id.*, ECF No. 5.) Doggett did not file a Reply.

## II.  LEGAL STANDARD AND ANALYSIS

"The Antiterrorism and Effective Death Penalty Act amended 28 U.S.C. § 2255 by adding a time-limit provision for Section 2255 motions. As amended, Section 2255 precludes a prisoner from filing Section 2255 motions more than one year after the conviction becomes final." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). Section 2255 now provides that the one-year limit begins from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Doggett's § 2255 Motion was filed over five years after his conviction became final. He argues, however, that his claims are based on a right newly recognized in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and are therefore not time-barred pursuant to 28 U.S.C. § 2255(f)(3).

In *Alleyne*, the Supreme Court held "that facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. The Court further recognized that its ruling "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.*

The Sixth Circuit has found that "any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court." *In re Mazzio*, 756 F.3d 487, 490 (6th Cir. 2014). Accordingly, as an initial matter, Doggett is not asserting a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f). Moreover, *Alleyne* is inapplicable in the instant matter because Doggett was not sentenced pursuant to a mandatory minimum. *See Alleyne*, 133 S. Ct. at 2163; PSR at 1. Therefore, the one-year limitations period began when Doggett's conviction became final.

The one-year statute of limitations in 28 U.S.C. § 2255(f) is subject to equitable tolling under extraordinary circumstances. *Reed v. United States*, 13 F. App'x 311, 312 (6th Cir. 2001).

When determining whether equitable tolling is appropriate, the Sixth Circuit applies a five-factor balancing test, which weighs:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (quoting *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)). "Where, as here, the petitioner does not claim ignorance of the filing requirement, the court must focus its inquiry on the petitioner's diligence and 'the reasonableness of his ignorance of the effect of his delay.'" *Id.* (quoting *King v. Bell*, 378 F.3d 500, 553 (6th Cir. 2004)). Doggett does not aver that he lacked access to legal resources, that he diligently pursued his rights, or even that he is entitled to equitable tolling.

Doggett's judgment became final in July 2008. Doggett has failed to show that he is entitled to equitable tolling. Accordingly, the § 2255 Motion is DENIED as time-barred.

### III.     APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, for the reasons previously stated, Movant's claims are time-barred and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED,

7

pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 25th day of November, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.